UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| $8,640.00 and $8,295.00 | § | |
| IN U.S. CURRENCY, | § | |
| Defendants in rem | § | |

# VERIFIED COMPLAINT FOR FORFEITURE IN REM

United States of America, Plaintiff, files this action for forfeiture against approximately $8,640.00 and $8,295.00 in U.S. currency, Defendants in rem, and alleges the following on information and belief.

*Nature of the Action*

1. This is an action to forfeit Defendants in rem to the United States pursuant to 21 U.S.C. § 881(a)(6).

*Defendants in Rem*

2. Defendants in rem are approximately $8,640.00 and $8,295.00 in U.S. currency that were seized from Joshua Azaniah Sims and Robert Lee Love, Jr. on June 7, 2009, at the George Bush Intercontinental Airport, Houston, Texas.

*Jurisdiction and Venue*

3. This Court has jurisdiction pursuant to 28 U.S.C. §1355 because this is an action for forfeiture.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355 and 1395(a) and (b) because a) the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas, b) the property was found and is located in the Southern District of Texas, and c) this forfeiture action accrued in the Southern District of Texas.

*Basis for Forfeiture*

5. The Defendants in rem are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because they constitute:

> 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act;
>
> 2) proceeds traceable to such an exchange; or
>
> 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

*Facts*

6. On June 7, 2010, Robert Lee Love, Jr. and Joshua Azaniah Sims were traveling together from Atlanta, Georgia, to McAllen, Texas. They flew into the George Bush Intercontinental Airport, Houston, Texas from Atlanta to connect to

a flight to McAllen, Texas. After they left their flight from Atlanta, police officers with the Houston Police Department approached them and asked to speak to them. They both agreed to talk to the officers.

7. An officer asked Mr. Love some routine questions about his travel plans. Mr. Love said that he was going to McAllen to visit his cousin. He said that he had seven to eight thousand dollars on him and that he was carrying this large sum of money because he was going to party for a couple of weeks. He said that he withdrew this money from a bank but he did not have a bank receipt for this withdrawal with him. Despite possessing this large sum of money, Mr. Love said he had not paid income taxes because of an accident. Also, he is a resident of Georgia and the Georgia Workforce reported that Mr. Love only earned $5,527 in 2009.

8. With Mr. Love's consent, an officer inspected Mr. Love's money that he was carrying. The money was bound with a black band wrap around each bundle. The money was in the following denominations:

| Denomination | Quantity | Value |
| --- | --- | --- |
| $100 | 18 | $1,800 |
| $50 | 4 | $200 |
| $20 | 313 | $6,260 |

|       |     |         |
|-------|-----|---------|
| $10   | 1   | $10     |
| $5    | 4   | $20     |
| $1    | 5   | $5      |
| Total | 345 | $8,295  |

9. A specially trained narcotics detection dog alerted to the odor of narcotics on the money. Mr. Love said that the dog should not have alerted to the odor of narcotics because the money had been in a safe at his home for a long period. This statement, however, is inconsistent with his initial statement that he withdrew the funds from a bank.

10. While Mr. Love was being questioned, another officer, with Mr. Sims' consent, asked him some questions. Mr. Sims said that he was going to McAllen to visit a friend but had difficulty remembering his friend's name. An officer asked Mr. Sims if he was carrying a large sum of money. Mr. Sims said that he was carrying a "little money." After being pressed by the officer for details, he said that he was carrying about seven thousand dollars.

11. Mr. Sims consented to a search of his person and his luggage. Mr. Sims accompanied the officers to an office for the additional inspection. In the office, Mr. Sims removed from his pants pockets several bundles of money. Each bundle was wrapped with black bands which were like the bands on Mr. Love's money.

The money that Mr. Sims was carrying was in the following denominations:

| Denomination | Quantity | Value |
| --- | --- | --- |
| $100 | 27 | $2,700 |
| $50 | 4 | $200 |
| $20 | 275 | $5,500 |
| $10 | 21 | $210 |
| $5 | 6 | $30 |
| Total | 333 | $8,640 |

12. Mr. Sims told the officer that he saved this money and kept it at his home. He did not have a bank account and he has not filed income tax since "maybe 2003." Mr. Sims is a resident of Georgia, and the Georgia Workforce reports that he has not earned any income in the recent years. Mr. Sims said that he works for his mother but he could not show any proof of employment.

13. A specially trained narcotics detection dog alerted to the odor of narcotics on the money that Mr. Sims was carrying.

14. Both Mr. Love and Mr. Sims are residents of Georgia. They were both on the same reservation. Each ticket was paid with the same credit card. Each ticket was a one-way ticket. The same phone number was given for each reservation. Mr. Sims have been arrested on two prior occasion on drug related offenses. The officers seized both sets of money were seized for forfeiture.

*Relief Requested*

15. Plaintiff requests:

   A.   An arrest warrants and summons, citing all persons having an interest in the Defendant property to appear on the return day of process by filing a claim and answer pursuant to Rule G(5), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, or as ordered by this Court;

   B.   A judgment of forfeiture to the United States be decreed against the Defendant in rem; and

   C.   Costs and such other relief to which the Plaintiff may be entitled.

Date: November 5, 2010.

        Respectfully submitted,

        José Angel Moreno
        United States Attorney

        By: /s/ Albert Ratliff
        Albert Ratliff
        Attorney-in-Charge
        NY Bar No. 1073907
        SDTX Bar No. 6764
        Assistant United States Attorney
        United States Attorney's Office
        P. O. Box 61129, Houston, Texas  77208
        E-mail albert.ratliff@usdoj.gov
        Office (713) 567-9579; Fax (713) 718-3300

## VERIFICATION

I, James A. Calhoun, Special Agent, U.S. Drug Enforcement

Administration, declare under penalty of perjury as provided by 28 U.S.C. §1746 that I have read this Verified Complaint for Forfeiture in Rem, and the facts stated in this complaint are true and correct to the best of my knowledge and belief. Executed on November 5, 2010.

James A. Calhoun, Special Agent
U.S. Drug Enforcement Administration